**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118080

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS DIVISION

| | |
|---|---|
| Necha Epstein, <br><br> Plaintiff, <br><br> vs. <br><br> Transworld Systems Inc., <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Necha Epstein (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Transworld Systems Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Necha Epstein is an individual who is a citizen of the State of New York residing in Orange County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Transworld Systems Inc., is an Illinois Corporation with a principal place of business in Lake County, Illinois.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.      The principal purpose of Defendant's business is the collection of such debts.

12.      Defendant uses the mails in its debt collection business.

13.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.      Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.      The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.      The alleged Debt does not arise from any business enterprise of Plaintiff.

17.      The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.      At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.      At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20.      In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 20, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21.      The Letter conveyed information regarding the alleged Debt.

2

22.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24.     The Letter was received and read by Plaintiff.

25.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

26.     Plaintiff is enrolled in New York's Medicaid program.

27.     Other than for co-pays, Medicaid patients may not be balance-billed.

28.     The alleged Debt is not a co-pay, but rather represents unlawful balance billing.

29.     By sending a collection letter to Plaintiff to collect on the alleged Debt, Defendant misrepresented the status of the debt as collectible, when it was not.

30.     As such, Defendant violated Sections 1692e and 1692f of the FDCPA.

31.     For the foregoing reasons, Defendant violated 15 U.S.C. §§1692e and 1692f and is liable to Plaintiff therefor.


### JURY DEMAND

32.     Plaintiff hereby demands a trial of this action by jury.


### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a.  Finding Defendant's actions violate the FDCPA; and

    b.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d.  Granting Plaintiff's costs; all together with

    e.  Such other relief that the Court determines is just and proper.

DATED: April 21, 2020

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118080

